Judge Mills
delivered the Opinion of the Court.
The complainant below, now jdaintiff in error, filed his bill ('barging that David Williamson set on foot a private lottery for his individual benefit, setting tip as prizes, a considerable quantity of real and jiersonaS estate, after he had parted with the title for the benefit of his creditors; that the price of j:is tickets was $100 each, payable in four qwe.r *407 terly instalments of twenty-five' dollars each; that be, the complainant, not knowing that the lottery was illegal and void* was induced to buy six tickets and one half, for which he executed twenty-six promissory notes, amounting to six hundid and fifty dollars; and further, executed to' Williamson, a mortgage on a very valuable slave, to secure thd deihand.
Wifiíámsoa bE^sns tho , note&ggiven™' for the tick-* ^jstcl Rob~
Lewis makes Robards au abkjj1 to¿>¿ dp his notes, resorvmg by parol, ¿¡éem ¿ntTro" years,
Robards pays forTis equity of redemption in slaTe°
Aiiro-ntion.ao no title to the prizeyandilprayer’for return of the slav0 &0*
That the slave remained in. his own possession, till Williamson took the slave out of his possession without his consent, and proceeded, to hire him out and take the profits for some time, un.til he trans-forced the notes and assigned the mortgage of the slave to a certain William Robards.
That Robards threatened to sue him on all the notes, and liarrass him;-and that he, still ignorant of his right's, and supposing that the notes were all recoverable, to ward off these suits and save cos,ts, agreed to make to Robards an absolute bill of sale for the slave, with a verbal'agreement that he Bhould have two years to redeem him, and conséquently executed such a writing, and the notes execufed to Williamson* were given up to be cancelled.
That afterwards* Fulkerson and Rower obtained a judgment against the complainant for about SI 50, which was likely to distress him, and that Robards agreed to pay the judgment, if he, the complainant* would surrender his right of redemption to the slave, and execute another absolute bill of sale* which he did, still ignorant of his rights, and believing hp was legally bound to discharge said notes.
He charges the lottery of Williamson to be a fraud upon the purchasers of tickets, if it had been legal; because he had no title to the prizes, and he relies on its illegallity, whether fair or unfair,-and prays that the hire of the slave may he accounted fer by Williamson's administratrix, while-he held him. and by Robards since he got him; that the bill of sale may be cancelled^ and the slave restored to him on Robards’ receiving the Si 50, or thereabouts, paid in discharge of ¡he judgment ci Fulkerson and Bower, and for general relief»
Answer of ftobards.
©femiirfcs On ihc evasive character of die answer.
Exception to KoSards’ answer overruled.
Hill pro con.Jeasn as to Williamson's &ilin!x.
yieerce of (ho circuit court.
Roliards answered the hill, giving a kind of new statement or coloring to the transaction, the whole, or nearly the whole of which, may he reconciled with the bill, and is not inconsistent with it, and then concludes with denying all the bill, not admitted by the answer. He admits the, mortgage to Williamson, which is not produced. He says not a word about the notes which were destroyed whets, he took his first bill of sale, or whether the mortgage and notes were assigned to him. He admita the first hill of sale, and the verbal right of redemp tion for one year after its date, instead of two— says he is not disposed to controvert, that the funds of' price of the slave went to Williamson, and ad mits the payment of the judgment of Fulkerson and Bower, and the second hill of sale. He seems to insist, that the complainant himself delivered him the slave, ami intimates that it was .a purchase of him directly. He, however, does not charge, that he paid any thing to Williamson for the notes or the, mortgage, or that he released any debt due by Williamson to him.
In short, his answer is as fine a specimen of evasion, and a shrinking from an approach to the fui! truth, as can easily be, made, and it is impossible to read it, in connection with the bill, without leaving an impression on the mind, that the substance of the. bill is true, and that he knew if to be so, but; intended to avoid cither an express admission ordcnial.
This answer was excepted to, as insufficient; but upon argument, the court below sustained the answer and overruled the exception.
WiÜiíüBson’s administratrix failed to answer, and the biil as to her was taken as confessed.
On final hearing, the court below dsmvji.isei] the bill as to Robanis, with costs, and as to Williamson's administratrix, decreed the re-payment of six huntired and fifty dollar*-, with interest. From this decree, Lew c-. has appealed.
- It. is assigned for error, (but the court below erred in overruling the exceptions to the answer of the defendant Robards. We have no donbf these exceptions ought to have been sustained, and another answer director),
Evasive answers.
R"lo.s fo,r,aIt' allegations of' a bill laid,
If enough appears in (he record for cioimit.iirmnf, this court will no< reverse for an oiror in .ho circuit ■ ,urt >n overruling exePntion, to the answer, though it is evasive.
Fact» of the transaction.
Whore the fle.ecdaid piuoiáü’ ad-mils (ho feet in his answer, paiot evidence is. udmis-ibio 'o prove, a’l abrsolut-' deed a mortgage, where o(In r~ wise it woujü pot.
TEvasive answers ought never to be encouraged 1>v courts of original jurisdiction, as they are an Expedient to escape justice. 1 he mode in v, ascii bill might to be answered, is not only plainly laid ido wn in onr practical treatises on chancery praclice, but are dictated by the rules of candor and common sense. The. charges and allegations ought tobo answered explicitly, aumilfing so mucli of each as is true, and then controverting (lie- residue, and if it is necessary for a olear understanding of the, case, a new statement may be made of the defence. Testing tins answer by this simple rule, it Cannot be sustained
Bui if enough appears in fbe record to enable this court to reach the truth of the ease, and that shall appear- against (he, person who has endeavored to shelter himself under an evasive answer, it would he, useless to reverse for that cause only, and send the suit baric for new proci edings, and to come, by a new application to ¡he conscience of the de. fondant, at the same facts vva; b this court lias a right, to infer from the evasions and silence of the defendant, and to gather from the proofs in the cause.
We shall, therefore, proceed to consider the case as it stands, and in doing so. we are sati-íied (ha*the complainant did contract a debt to Wtiisa.-nson, of S6Ó0, purely for lottery tirtiets, and did mortgage his slave to secure that demand, and tSsat "Williamson afterwards got the slave into his possession by virtue of that claim, and that by the. transfer of the same claim to ilobards, he obtained bis first absolute bill of sale, and for no other consideration, with a verbal right of redemption for one year.
It has been insisted, that this right of redemption cannot he proved, under the decisions of this court, where the, deed is absolute. To this it may be repbedjthat no decision has ever excluded the right to prove an absolute- deed to be a mortgage, when the opposite party in pleading, has panially ad.nitfid the fact, arid it is only in case's oV'ce the parol jagm-nn-nr to redeem h cm: ¿ ded, and the writing *410 is relied oh as conclusive, that the parol proof is excluded.
Securities given for tickets in an illegal lottery, are void, and mosiey paid for such tickets, ,riu_i be recovered back.
A= to the effeef of a valuable considoralion for the .is‘ignlueut under the circumstances here.
A pap'er found iti the record not re-* ferred to in the pleading, and not shewing by whom filed, will not avril to prove &. fact not avered,
Part valid consideration, blended with a vicious one, will not destroy the power of the chancellor over the tvansaotion.
Thus far. then, Wither Williamson nor Robards claiming under'him, acquired any valid title to the slave. For the. lottery was illegal, and neither the notes nor the mortgage could have been coerced by suit; and indeed, money paid for tickets could have been recovered back, according to previous decisions. See Gray vs. Robards, 2 Marsh. 208.
If Robai'ds had been induced by the complainant, to purchase up this demand from Williamson, or to release ativ demand he held on the latter, for tbs purpose of getting up this demand* it might have formed a good ground for refusing relief to the complainant against Robards, But Robards. in his answer, sets up no such defence. Fie rather seems to insinuate, without expressly charging the fact, thal he dealt with the complainant without reference to the demand of Williamson for lottery tick» ets.
It is true, a paper is filed, purporting to be a promisory note from Williamson to Robards, for a greater sum, with a credit, endorsed for §650, which seems to correspond with the amount of the tickets. But there is no explanation how this paper came there, or who produced it, and there is no reference to it in the pleadings: certain it is, that the defendant Robards, in his answer, does not rely upon it9 or attempt to use it as a defence.
There is then, a total want of proof, that any other consideration moving from Robards, constituted any part of the, consideration for the first bill of sale made by the complainant, except the price of the lottery tickets procured from Williamson.
It was then, on the payment of the judgment to Fulkerson and Bower, and obtaining the second bill of sale, that any valid consideration was received by the complainant, and the event of this cause must rest upon the enquiry whether, blend, ing this part of a good consideration with* what was vicious is a bar to relief against Ilob&rdsf We conceive if very evident, that the extinguishment of the claim for the lottery tickets, was the strongest induct ment to this last arrangement, andf *411 ill at ho reasonable man, possessed of a full know!edge of his rights, would have made it, in a case where he was previously under no obligation to do so, and we do not apprehend that this blending of a partially good consideration with an illegal one ought to destroy the power of the chancellor over the contract.
Mandate fa? a decree for of^e'sldvo* 0n payment of the bal¿¿shire,and the $150, with iateres^t-
Dana for plaintiff^ Ilaggin and Mayes for defendants.
And that the proper redress is a rescission of the contract and a restoration of the slave in kind, if to be had, or his value, if he cannot be obtained, and that an account ought to be taken, charging Williamson’s administratrix with the hire of the slave while Williamson held him, and Robards’ estate with the hire since his possession, and charging the complainant witli the money paid to Fulkerson and Bower, with interest thereon till it is extin guished, and that a decree ought to be rendered for the balance, against whomsoever it may fall, allowing Robards’ representatives, as he is now dead, a lien upon the slave, and a right to subject him to sale for any balance in their favor, if there be any.
The decree must, therefore, be- reversed- with, costs, and the cause be remanded for such proceedings lobe had, as shall conform to this opinion.